UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MICHAEL MARR,

                 Plaintiff,                        Case No. 1:07-cv-823

v.                                            Honorable Paul L. Maloney

DAN CASE,

                 Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Michael Marr presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Muskegon Correctional Facility, though the actions he complains of occurred while he was housed at the Ionia Maximum Correctional Facility (ICF). Plaintiff sues ICF Food Supervisor Dan Case.

According to the allegations of the complaint, Plaintiff was transferred to ICF in August 2006.  At the time of his transfer, he had been granted a Special Accommodation by the MDOC to participate in the Kosher Meal Program.  After his arrival at ICF, Plaintiff continued to participate in the Kosher Meal Program.  He was appointed by the chaplain to be the religious representative for Jewish Services, and he sat on the Religious Council of the facility.  In his role, Plaintiff allegedly found many religious violations within the Kosher Meal Program, and he began to take an active role in correcting those deficiencies.

On January 21, 2007, Plaintiff approached Defendant Case and requested a kosher eating utensil, claiming that the utensil placed on his kosher tray was "desecrated," because it was contained in a sealed packet with a napkin and unkosher salt and pepper packets.  Defendant  Case allegedly responded by telling Plaintiff he was "sick of this sh-t, dude."  Case told Plaintiff that another prisoner on the kosher plan was smoking on the Sabbath, suggesting that the other prisoner's neglect of religious practice made Plaintiff's request for a non-kosher implement frivolous.  Plaintiff advised that another prisoner's religious practice was irrelevant and that Case was aware of Plaintiff's reasons for needing the implement because Case had previously worked in a kosher restaurant in Florida.  Case became angry and yelled, "Get your tray and get the f-ck away from me,

- 2 -

they should have exterminated all you bastards in the concentration camps!"  Plaintiff asked again for a spoon.  Case responded, "I'll get you a damn spoon – if you say anything more I will push this button," indicating his emergency personal protection device.  Plaintiff sat at a table and waited for the utensil.  Case, however, never brought Plaintiff an eating utensil.  After 20 minutes, Plaintiff left the eating hall without having eaten his meal.  After returning to his unit, Plaintiff was informed by another prisoner that Case was telling staff that he would "kosherize the spoon by rubbing it across his balls."

Plaintiff raises four causes of action.  First, he asserts that Defendant Case retaliated against him for his prior complaints about the Kosher Meal Program.  Second, he alleges that he has been denied his rights under the First Amendment to the free exercise of his religion.  Third, he complains that he has been subjected to cruel and unusual punishment.  Fourth, he contends that Defendant Case's threats amounted to ethnic intimidation under MICH. COMP. LAWS § 750.147b.

For relief, Plaintiff seeks compensatory and punitive damages, together with declaratory and injunctive relief.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of

- 3 -

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

> A.    Retaliation

Plaintiff alleges that Defendant Case retaliated against him for his past complaints by making anti-Semitic statements and effectively depriving him of his dinner meal.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394.  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).  I will assume without deciding that Plaintiff's prior complaints about the Kosher Meal Program were protected conduct and that Case was motivated by those complaints to take the actions he did.

Plaintiff, however, fails to demonstrate adverse action of constitutional magnitude. The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff

- 4 -

reacted.  The relevant question is whether the defendant's conduct is "*capable* of deterring a person of ordinary firmness;" the plaintiff need not show actual deterrence.  *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002).  A specific threat of harm may satisfy the second requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights.  *See, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, No. 01-4033, 2001 WL 22400730, at *11 (6th Cir. Oct. 20, 2003) (threat to change drug test results).  However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations.  *Thaddeus-X*, 175 F.3d at 398; *Smith*, 2001 WL 22400730, at *11.

Here, Defendant Case failed to provide Plaintiff with a new eating utensil at one meal.  The denial of a spoon at a single meal is the sort of *de minimis* injury that does not rise to the level of a constitutional violation.  *Thaddeus-X*, 175 F.3d at 398.  Although Plaintiff alleges he missed a meal as the result of Case's action, the actual deprivation was simply the denial of a spoon.  Plaintiff was not prevented from using his hands to eat his meal, if he felt that using of the spoon he had been provided would violate his religious principles.  Moreover, the missing of a single meal does rise to the level of a constitutional injury.  *See Ford v. McGinnis*, 352 F.3d 582, 593-94 (2d Cir. 2003) (a single "deprivation of a post-Eid meal can be seen as a *de minimis* burden on [plaintiff]'s religious freedom."); *Tafari v. Annets*, No. 06 Civ. 11360(GBD)(AJP), 2007 WL 2994367 (S.D.N.Y. Oct. 15, 2007) (distinguishing *Ford* and finding that deprivation of at least five Kosher meals was sufficient to state a claim).  The denial of the spoon, therefore, is the sort of *de minimis* harm that does not rise to the level of adverse action.

Moreover, Defendant Case's threat to press his duress alarm did not amount to adverse action.  Case's threat was limited to telling Plaintiff that if he continued to discuss the issue,

- 5 -

Case would press his duress alarm. Given that Case did not declare an intent to bar Plaintiff from any further complaints, only to stop him from further discussing the issue with Case at that time, the threat does not rise to the level of adverse action. Finally, name-calling, however reprehensible, is not adverse action under the Constitution.

Plaintiff therefore has failed to state a retaliation claim.

B.      Free Exercise

Plaintiff claims that the denial of an eating utensil on one occasion is the equivalent of a denial of his kosher diet in violation of his First Amendment right to freely exercise his religious beliefs. Prisoners do not lose their right to freely exercise their religion by virtue of their incarceration. *Cruz v. Beto*, 405 U.S. 319, 322, n.2 (1972). Freedom of religion being a fundamental right, any regulation which infringes upon it must generally be justified by a "compelling state interest." *See, e.g., Wisconsin v. Yoder*, 406 U.S. 205 (1972). However, as a prisoner, Plaintiff's constitutional rights are subject to severe restriction. *See, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979) (restriction on receipt of reading materials); *Hudson v. Palmer*, 468 U.S. 517 (1984) (privacy); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (right to call witnesses); *Richardson v. Ramirez*, 418 U.S. 24 (1974) (vote). *See, generally, Washington v. Harper*, 494 U.S. 210 (1990); *Turner v. Safley*, 482 U.S. 78 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987).

The standard by which prison regulations impinging on prisoner constitutional rights is judged is "reasonableness." *Turner*, 482 U.S. at 88-95; *Washington*, 494 U.S. at 223-25. In *Turner*, the Supreme Court expressly rejected any degree of "heightened scrutiny" in order to assure that "prison administrators . . . and not the courts . . . make the difficult judgments concerning institutional operations." *Id.* at 89 (quoting *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119

- 6 -

(1977).  The *Turner* Court set forth four factors "relevant in determining the reasonableness of the regulation at issue."  482 U.S. at 89-91.  First, there must be a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it.  *Id.* at 89 (quoting *Block v. Rutherford*, 468 U.S. 576, 586 (1984)).  Second, the reasonableness of a restriction takes into account whether there are "alternative means of exercising the right that remain open to the prison inmate."  *Turne*r, 482 U.S. at 90.  Third, the court should consider the "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally."  *Turner*, 482 U.S. at 90.  Finally, the existence or absence of ready alternatives of accommodating the prisoner's rights is relevant to reasonableness.  *Turner*, 482 U.S. at 90.  As stated by the court, this final factor "is not a 'least restrictive alternative' test."  *Id.* at 90.  Prison officials need not show that "no reasonable method exists by which [prisoners'] rights can be accommodated without creating bona fide [prison] problems."  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350 (1987).

In the present case, the Michigan Department of Corrections has permitted Plaintiff access to the Kosher Meal Program, apparently accepting that Plaintiff's religious beliefs are sincerely held and that they can be accommodated without creating prison problems.  *Id.*  As a result, Plaintiff receives kosher meals in accordance with his beliefs on a regular basis.  Plaintiff's sole complaint is that, on a single occasion, he was denied an eating implement to replace one he believes was contaminated.  Such a minor deprivation does not rise to the level of a constitutional injury.  *See Ford*, 352 F.3d at 593-94 (holding that the deprivation of a single religious meal placed a *de minimis* burden on a prisoner's religious freedom.").  Plaintiff's free exercise claim therefore fails to state a claim.

C.    Eighth Amendment

Plaintiff next alleges that Case's actions in depriving him of a spoon and in making harassing remarks amounts to cruel and unusual punishment within the meaning of the Eighth Amendment.    The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir.  Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997)(verbal

harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at * 3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at * 2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Case arising from his alleged verbal abuse.

Moreover, the missing of a single meal does not rise to the level of an Eighth Amendment deprivation. Allegations about temporary inconveniences, such as being deprived of a lower bunk, subjected to a flooded cell, deprived of a working toilet, or missing a single meal do not demonstrate that the conditions fell beneath the minimal civilize measure of life's necessities as measured by a contemporary standard of decency. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001); *see also Darting v. Farwell*, 138 F. App'x 847, 847-48 (9th Cir. 2005) (deprivation of a single meal does not constitute injury serious enough to support an Eighth Amendment claim); *Williams v. Harness*, No. 99-1326, 2000 WL 573448, at *1 (8th Cir. May 10, 2000) (denial of one meal coupled with verbal harassment do not state Eighth Amendment violation); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (missing one meal does not rise to the level of a cognizable constitutional injury); *Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while

harsh, were not cruel and unusual punishment" (citing *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir.1987)); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)).

Furthermore, because Plaintiff fails to allege or show more than a *de minimis* physical injury, his Eighth Amendment claim for mental anguish is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir.1999); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

D.      State Law

To the extent Plaintiff asserts violations of state law, this Court should decline to exercise supplemental jurisdiction.  Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits.  *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of North Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998).  Accordingly, I recommend that Plaintiff's state law claim be dismissed without prejudice.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  December 18, 2007                  /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).