UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,
        Plaintiff,

Case No. 1:07-cv-823

-v-

HONORABLE PAUL L. MALONEY

DAN CASE,
        Defendants.

### OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Marr, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a § 1983 action. The lawsuit was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. Plaintiff's complaint raises four claims against Defendant Case. Plaintiff alleges (1) retaliation contrary to the First Amendment, (2) denial of the exercise of religious beliefs, (3) cruel and unusual punishment, and (4) a state law claim for ethnic intimidation. On December 18, 2007, the Magistrate Judge issued the Report and Recommendation. (Dkt. No. 7). The Magistrate Judge recommends dismissing the first three counts for failure to state a claim and dismissing the fourth count by declining to exercise supplemental jurisdiction over the pendant state law claim. Plaintiff Marr has filed objections. (Dkt. No. 9).

    I. STANDARD OF REVIEW

A complaint fails to state a claim upon which relief may be granted when no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b);

*United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file an objection results in a waiver of the issue and the issue cannot be appealed.  *Sullivan*, 431 F.3d at 984.  *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

   This Court has conducted a de novo review.  Having read the complaint, the Report and Recommendations, and the objections and relevant authority, the Report and Recommendation is adopted over the objections.

II. ISSUES

   A.  Factual Background

   As alleged in the complaint, Plaintiff Marr participates in the MDOC's Kosher Meal Program. Plaintiff served as representative for Jewish services and sat on the Religious Council at the facility where the incidents occurred.  Through his position, Plaintiff identified a number of violations of the Kosher Meal Program and took steps to correct the problems.  Defendant Case is

2

the Food Service Supervisor at the facility and has the responsibility, among other things, of supervising the Kosher Food Program.

The incident giving rise to the complaint occurred on January 21, 2007. At a meal, Plaintiff Marr requested a kosher eating utensil because the package of utensils he was given was desecrated because the utensils were sealed with a napkin and unkosher salt and pepper packets. Defendant Case allegedly replied "I'm sick of this sh-t, dude." (Complaint ¶ 9). After discussing violations of Jewish law by another prisoner, Defendant Case allegedly stated "get your tray and get the f-ck away from me, they should have exterminated all you bastards in the concentration camps." (*Id.* ¶ 12). Plaintiff again asked for a utensil. Defendant Case allegedly replied "I'll get you a damn spoon - - if you say anything more I will push this button." (*Id.* ¶ 13). Plaintiff went to a table and waited for 20 minutes without receiving a utensil before leaving without eating. (*Id.* ¶¶ 14-15).

B. Retaliation Claim

Plaintiff's complaint alleges Defendant retaliated against him two ways. First, Plaintiff alleges Defendant referenced Plaintiff's prior oral and written complaints about the institution's Kosher Meal Program before voicing anti-semitic remarks "and threats of physical injury through activation of his emergency personal protection device." (Complaint ¶21a). The personal protection device is apparently a button which alerts prison security to threats. Second, Plaintiff alleges Defendant prevented him from eating a meal. (Complaint ¶ 21b).

The elements of a First Amendment retaliation claim are (1) plaintiff was engaged in protected conduct, (2) an adverse action was taken against plaintiff which would deter a person of ordinary firmness from engaging in that protected conduct, and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th

Cir. 1999) (en banc).  The Magistrate Judge assumed, for the purpose of the report, Plaintiff's prior complaints were protected conduct and that Defendant was motivated by the prior complaints to take the alleged action.  (R&R at 4).  In other words, the Magistrate Judge assumed Plaintiff established the first and third elements of his claim for retaliation.[1]

The Magistrate Judge recommends dismissing this claim because Plaintiff failed to demonstrate an adverse action of constitutional magnitude.  The Magistrate Judge concludes Defendant's actions constituted a de minimus threat or deprivation that did not rise to a constitutional violation.  The Magistrate Judge reasons deprivation of an eating utensil does not constitute a constitutional violation as Plaintiff could have eaten the meal with his hands.  (R&R at 5).  Furthermore, the deprivation of a single meal did not constitute a constitutional violation, citing *Ford v. McGinnis*, 352 F.3d 582-593-594 (2d Cir. 2003).[2]  In addition, the threat that Defendant would press the alarm button did not constitute an adverse action.  Defendant Case did not base his threat upon the filing of complaints, but further discussion of the request for a utensil.  Finally, the Magistrate Judge concludes the anti-semitic remarks are not an adverse action.

Plaintiff objects to the dismissal of the first count for several reasons.  First, Plaintiff attempts to correct the Magistrate's characterization of the adverse action.  Plaintiff argues his complaint alleges "Defendant Case's threatened segregation and additionally used the extermination of the

---

[1]The Magistrate Judge assumes causation, the connection between the adverse action and the protected conduct.  Plaintiff incorrectly asserts the R&R "centers on causation."  (Objection at 3).

[2]The R&R states "the missing of a single meal does rise to the level of a constitutional injury."  (R&R at 5).  The explanation of the decision there and elsewhere in the R&R, as well as Plaintiff's objection to the conclusion, suggests the Magistrate Judge intended to write "the missing of a single meal does NOT rise to the level of a constitutional injury."

Jews (Nazi death camps) to convey what the outcome would be, if plaintiff refused to keep silent and not seek redress of his complaint," referencing paragraphs 21, 23 and 25 of the complaint. (Objection at 2). The paragraphs to which Plaintiff refers are not the factual allegations of the complaint, but his attempt to characterize those facts under the specific causes of action. The Magistrate Judge accurately assessed the factual allegations in the complaint. Those allegations do not establish that the adverse action taken would deter a person from engaging in protected conduct. Further discussion of the request for a kosher eating utensil is simply not protected conduct.

Plaintiff next objects to the Magistrate's conclusion that deprivation of food does not rise to the level of a constitutional injury. Plaintiff overlooks the Magistrate's conclusion that he was not deprived of a meal in the first place, but of an eating utensil. Plaintiff has not objected to that conclusion. The case cited by Plaintiff on this issue, *Willis v. Bell*, 726 F.Supp. 1118, 1121-1122 (N.D. Ill. 1989), is distinguishable. The plaintiff in that case alleged a section 1983 claim for violation of his due process rights, not retaliation in violation of the First Amendment. *Willis*, 726 F.Supp at 1121-1122. The Court concluded the plaintiff had sufficiently alleged a claim because the government had not and could not offer a legitimate governmental purpose to justify the deprivation. *Id.* at 1122. More recently, the Second Circuit rejected due process claim for deprivation of food by pre-trial detainees. *Rush v. Astacio*, 159 F.3d 1348 (2d Cir. 1998) (table decision). The plaintiff alleged, after his arrest, the officers refused to feed him for more than twelve hours. *Id.* at *1. The court affirmed the dismissal of the complaint, concluding there are "legitimate government purposes that justify not feeding every detainee upon arrival at a police station." *Id.* at *2. The court also noted the plaintiff did not allege that the deprivation resulted in any injuries. *Id. See also Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (affirming the dismissal of plaintiff's

section 1983 complaint where, among other things, plaintiff alleged defendant prevented him from entering the dining hall on eight occasions over six months and concluding plaintiff failed to state a claim under the Eight Amendment because he did not claim any physical harm other than hunger pains).

The Magistrate Judge properly recommended dismissal of Plaintiff's claim.  The weight of authority supports the Magistrate Judge's conclusion, not Plaintiff's objection.[3]  Courts have consistently found that  missing a single meal does not rise to the level of a constitutional violation.  *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (missing one meal does not rise to the level of a constitutional injury); *White v. Sloan*, 2006 WL 2884945 (E.D. Tex. Oct. 6, 2006) ("occasionally miss[ing] a meal does not provide a basis for a potentially meritorious lawsuit"); *Oladipupo v. Austin*, 104 F. Supp.2d 626, 640 (W.D. La. 2000) (holding plaintiff who alleged he missed a single meal failed to allege a claim because he did not state any additional facts which would indicate he faced a substantial risk of harm due to the incident).  Courts have reached the same conclusion in the context of claims for retaliation under the First Amendment.  *Williams v Harness,* 221 F.3d 1346 (8th Cir. 2000) (table decision) (holding plaintiff failed to establish a violation of his constitutional rights when he alleged he was denied a single meal, among other things, as retaliation for filing grievances).  Courts have denied claims that missing a single meal violates the free exercise of religion.  *Bell v. Dretke*, 2006 WL 3447657 (S.D. Tex. Nov. 21, 2006) ("Missing one meal hardly meets this threshold; even on a regular permanent basis").

Case law on similar claims made under the Eighth Amendment clearly rejects Plaintiff's

---

[3]In the complaint, Plaintiff states he missed a meal as part of his claims under each of the first three claims, retaliation, free exercise and cruel and unusual punishment.  This Court agrees with the Magistrate Judge that the facts alleged, specifically missing a single meal, do not support a claim under any of those three theories.

position. The United States Supreme Court has explained the Eighth Amendment prohibits prisoners from being denied minimal civilized measures of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Both the Fifth Circuit and the Seventh Circuit have held, in the context of an Eight Amendment claim, that deprivation of food may constitute a constitutional violation only if it denies a prisoner the minimal civilized measure of life's necessities. *Reed v. McBride,* 178 F.3d 849, 853-854 (7th Cir. 1999); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998). The Fifth Circuit reasoned "whether deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.* In *Talib*, the plaintiff alleged he missed about fifty meals over five months. *Id.* The court concluded he had not alleged a claim under the Eight Amendment because "missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period. We are therefore doubtful that Talib was denied anything close to a minimal measure of life's necessities." *Id.* The Seventh Circuit agreed with the threshold determination outlined in *Talib. Reed*, 178 F.3d at 853 (explaining that a denial of food is not a per se violation of the Constitution and that a court must consider the amount and duration of the deprivation). In *Reed*, the plaintiff alleged the defendants had withheld food on a number of occasions for three to five days at a time. *Id.* at 853. The court concluded the plaintiff's complaint should survive summary judgment, noting that the plaintiff "was already infirm, and an alleged deprivation of food could possibly have more severe repercussions for him than a prisoner in good health." *Id.* at 853-854.

The Eighth Amendment does require institutions to provide inmates with well balanced, nutritional meals sufficient to preserve health. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (finding two meals a day was sufficient if nutritionally and calorically adequate). *See also Gonzales*

*v. Martinez,* 892 F.2d 1046 (9th Cir. 1990) (table decision) (reversing the dismissal of plaintiff's claim when he alleged he was effectively denied two meals a day for three weeks and finding that the complaint inferred inadequate nutrition through weight loss, fatigue, and anxiety); *Butler v. Jewell*, 869 F.2d 1488 (6th Cir. 1989) (table decision); *Cunningham v. Jones*, 667 F.2d 565, (6th Cir. 1982) (per curiam) (affirming dismissal of plaintiff's section 1983 claim alleging he was provided only one meal a day for fifteen days because evidence presented by defendant established that the meal contained between 2000 and 2500 calories). However, denial of a single meal does not give rise to a claim under the Eighth Amendment. *Dartling v. Farwell,* 139 F.App'x 847 (9th Cir. 2005) ("The district court also properly determined that deprivation of a single meal does not constitute an injury serious enough to support an Eighth Amendment claim."); *Waller v. Richardson*, 2007 WL 2907818 (N.D. Tex Oct. 4, 2007) ("The deprivation of a single meal does not constitute the continuous or substantial denial of food necessary to constitute an Eighth Amendment violation. Plaintiff's claim based on the denial of a single meal lacks an arguable basis in law and is frivolous." (citations omitted)); *Wilkins v. Roper*, 843 F.Supp. 1327 (E.D. Mo. 1994) (holding plaintiff failed to state a claim under the Eighth Amendment based on the denial of a single meal).

      C.  Free Exercise

Plaintiff alleges Defendant violated his right to the free exercise of religion by (1) denying Plaintiff a kosher eating utensil, (2) preventing Plaintiff from partaking in a sacred offering to the creator (eating his food), (3) ridiculing and humiliating Plaintiff by telling others that Defendant would kosherize Plaintiff's eating utensil's by rubbing them on Defendant's genitalia, and (4) justifying Defendant's denial of Plaintiff's religious beliefs on the basis of another prisoner's actions. (Complaint ¶ 23a-d). The Magistrate Judge explains that prison regulations which impinge

8

upon a prisoner's constitutional rights are judged by the reasonableness standard, citing *Washington v. Harper*, 494 U.S. 210, 223-225 (1990), *Turner v. Safley*, 482 U.S. 78, 88-95 (1987) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987).

Plaintiff objects to the Magistrate Judge's use of the reasonableness test, the *Turner* standard. Plaintiff argues he invoked the Religious Land Use and Institutionalized Persons Act (RLUIPA) of 2000 in his complaint which circumvented the *Turner* standard.

This Court finds no merit in Plaintiff's objection. *Turner* (and *Harper* and *O'Lone*) outlined the appropriate test to determine whether a regulation infringes on an inmate's free exercise of religion under the *First Amendment*. *See Baranowski v. Hart,* 486 F.3d 112 (5th Cir. 2007) and *Figel v. Overton,* 121 F.App'x 642 (6th Cir. 2005). RLUIPA, on the other hand, provides separate statutory protections for the exercise of religious freedoms. *Id. See generally Charles v. Frank*, 101 F.App'x 634, 635 (7th Cir. 2004) (per curiam) (explaining that the statutory protections afforded under RLUIPA are greater than those offered under the free exercise clause of the Constitution). The Magistrate Judge correctly applied the *Turner* test and recommended dismissing Count II on the basis that the allegations do not support a claim under the First Amendment.

Plaintiff's claim also fails under the RLUIPA. The Magistrate Judge accepted that Plaintiff's religious beliefs were sincerely held. (R&R at 7). Under the RLUIPA, a government institution shall not impose a substantial burden on the religious exercise of a confined person unless the government demonstrates that the burden furthers a compelling government interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a). Once the plaintiff produces prima facia evidence to support a claim under section 2000-cc, "the government shall bear the burden of persuasion on any element of the claim, *except that the plaintiff shall bear the burden of*

*persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion."* (emphasis add) 42 U.S.C. § 2000cc-2(b). Under the statute, the religious adherent, in this case Plaintiff, bears the burden of establishing that the challenged government action substantially burdens the exercise of religion. *Baranowski*, 486 F.3d at 124. Plaintiff has not established Defendant's actions substantially burdens his exercise of religion. The one time deprivation of a kosher eating utensil does not amount to a substantial burden of Plaintiff's ability to exercise his religion.

Plaintiff includes a number of other objections to the dismissal of this claim, none of which are meritorious. Plaintiff objects to the conclusion that Defendant's reference to the Nazi concentration camps was ordinary verbal abuse on the basis that "it attempts to deny that a genocide occurred." (Objection at 5). This objection not only has no basis in law, it also fundamentally mischaracterizes the Report and Recommendation. Nothing in the Report and Recommendation could be read as denying the Holocaust. Plaintiff objects to the dismissal of Count II because he alleged four facts supporting the claim and not just the denial of a kosher utensil. (Objection at 6). None of Plaintiff's allegations state a claim under either the First Amendment or RLUIPA. The first (denial of an eating utensil) and second (denial of a meal) allegation have already been discussed. The third (how Defendant suggested he would kosherize a utensil) and fourth (Defendant's references to other Jewish prisoners' actions) do not state claims under either the free exercise clause or RLUIPA. The words uttered by Defendant do not impede Plaintiff's ability to exercise his religion. Furthermore, Plaintiff has failed to establish how the utterances substantially burdened his ability to exercise his religion.

    C. Eighth Amendment

Plaintiff alleges several of Defendant's actions constitute cruel and unusual punishment. Plaintiff identifies three instances in which Defendant's actions violate Plaintiff's constitutional rights: (1) Defendant's statement that Plaintiff's race should have been exterminated in the Nazi concentration camps, (2) Defendant threatened to activate his personal protection device which would have resulted in Plaintiff being taken to segregation, and (3) Defendant deprived Plaintiff of a meal which resulted in hunger pains for more than fifteen hours.  (Complaint ¶ 25a-c).

The Magistrate Judge recommends dismissing Count III.  Plaintiff's objections on this count focus exclusively on Defendant's use of harassing and intimidating language and not on the deprivation of a meal.  Plaintiff contends the facts establish a hate crime under federal law.  Plaintiff neglects to provide any authority to support this allegation.  Defendant did not threaten Plaintiff with any physical harm.  Plaintiff has not offered any authority undermining the Magistrate Judge's conclusion that verbal abuse, harassment and degrading language do not constitute the sort of punishment prohibited by the Eighth Amendment.

Plaintiff further objects on the basis that the risk of injury is actionable under the Constitution.  Plaintiff cites three opinions from the United States Supreme Court.  Plaintiff's citations are all to dissents offered by Justice Thomas in which he rejects the majority's approach to the Eighth Amendment because, among other things, he would require an inmate to show actual injury rather than a risk of injury.  *Erickson v. Paulus*, 127 S.Ct. 2197, (2007) (J. Thomas dissenting); *Helling v. McKinney*, 509 U.S. 25, 42 (1993) (J. Thomas dissenting); *Hudson v. McMillian*, 503 U.S. 1, 18-19 (1992) (J. Thomas dissenting).  To the extent the majority opinions can be read to support an Eighth Amendment claim for the risk of future injury, the facts in those cases are sufficiently distinct from the facts in this case.  In *Erickson*, the plaintiff alleged defendants

were deliberately indifferent to his medical needs when they took him off of a treatment for hepatitis C. In *Helling*, the plaintiff alleged defendants were deliberately indifferent to his medical needs; the plaintiff was exposed to second hand smoke because his cellmate smoked five packs of cigarettes a day. *Erickson* involved the use of excessive force against a prisoner who did not ultimately suffer any serious injuries. Plaintiff's alleged risk of injury arises from what he perceived as a threat of physical violence. Plaintiff's claim is properly dismissed. The verbal abuse he suffered is not actionable under the Eighth Amendment.

     D.  State Law Claim

Plaintiff's objection here is that the facts supporting his state law claim are intertwined with his federal and constitutional claims so that exercising jurisdiction over the supplemental claims is appropriate. This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims because the federal and constitutional claims are dismissed.

III.  CONCLUSION

This Court finds Plaintiff's objections without merit. The Report and Recommendation (Dkt. No. 7) are adopted over Plaintiff's objections. Counts I through III of the complaint are dismissed. Count IV of the complaint is dismissed without prejudice.

<u>ORDER</u>

Having reviewed the pleadings, the R&R, and plaintiff Marr's timely objection to the R&R, the court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R (Dkt. No. 7).

This case is **TERMINATED.**

This is a final and appealable order.

**IT IS SO ORDERED.**


Date:   January 18, 2008                             /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge